**Samba DIAW, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–3252.

United States Court of Appeals, Sixth Circuit.

Aug. 18, 2004.

Mark M. Nesbit, Nesbit Law Firm, Columbus, OH, for Petitioner.

Emily A. Radford, Lisa A. Watts, U.S. Department of Justice, Office of Litigation, Washington, DC, for Respondent.

Before: KEITH, MARTIN, and ROGERS, Circuit Judges.

## ORDER

Samba Diaw petitions for judicial review of an order of the Board of Immigration Appeals ("BIA"), which affirmed an immigration judge's finding that he was subject to removal as an illegal alien. The parties have waived oral argument and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Diaw alleged that he is a native and citizen of Mauritania, who entered the United States without authorization in 1996. He later conceded removability and applied for asylum, the withholding of removal, and relief under the United Nations Convention Against Torture. Diaw primarily alleged that he was persecuted by the military in Mauritania because they believed that he belonged to a dissident political group, called FLAM. An immigration judge ("IJ") found that he was not fully credible and that he would not be entitled to relief even if all of his allegations were accepted as true. The BIA affirmed that decision without opinion on January 29, 2003.

Diaw argues that the BIA abused its discretion by affirming the IJ's decision without issuing a reasoned opinion, because it did not follow the regulatory criteria for applying a streamlined appeals process to his case. See generally 8 C.F.R. § 1003.1(a)(7) (2003). In this regard, he argues that the IJ reached an incorrect result and made material errors in finding that he was not credible and in finding that the conditions in Mauritania had improved.

Our court has upheld the BIA's streamlined appeals process against both administrative law and due process challenges. See Denko v. INS. 351 F.3d 717, 726–30 & n. 10 (6th Cir.2003). Judicial review is not compromised by the disputed procedure, as we review the IJ's decision directly when the BIA streamlines its review under § 1003.1(a)(7). Id. at 732. A direct review of the IJ's decision does not reveal any grounds that would preclude a streamlined administrative appeal procedure in this case. Thus, we need not reach the government's argument that the BIA's decision to employ such a procedure is not subject to judicial review. See id. at 731–32.

Diaw's brief does not contain any clear challenge to the IJ's decision to deny his claim under the Convention Against Torture. Therefore, he has abandoned that claim for purposes of judicial review. See United States v. Mick, 263 F.3d 553, 567 (6th Cir.2001).

To obtain asylum, Diaw must show that he is a refugee and also that his application merits a favorable exercise of administrative discretion. See Mikhailevitch v. INS, 146 F.3d 384, 389 (6th Cir.1998). A refugee is an alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). A petition for judicial

review should not be granted unless the evidence would compel any reasonable adjudicator to find the requisite fear of persecution. *Koliada v. INS*, 259 F.3d 482, 486 (6th Cir.2001). Moreover, the IJ's determination as to whether an asylum application merits a favorable exercise of administrative discretion is conclusive, unless it is "manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D). To qualify for the withholding of removal, Diaw must show a "clear probability of persecution." *INS v. Stevic*, 467 U.S. 407, 430, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984).

We must uphold the IJ's factual determination regarding Diaw's credibility unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Diaw now argues that the IJ's finding was erroneous because it was based on a few minor inconsistencies. However, the IJ cited several discrepancies in Diaw's written application and testimony that involved the validity of his Mauritanian identification card, his membership in FLAM, his brother's arrest, and the length of his own incarceration in 1991. Diaw's current argument is unavailing because these issues were central to the merits of his claim *See Yu v. Ashcroft*, 364 F.3d 700, 703–04 (6th Cir. 2004).

Diaw also argues that the IJ's credibility finding was improper because translation errors are common when the application of an uneducated person is prepared by well-meaning family and friends. This argument is unpersuasive because Diaw was represented by counsel and because the IJ pointedly asked Diaw if the information in his application was complete and correct. Indeed, the IJ allowed Diaw to make several changes and/or corrections to his application before it was signed and submitted to the court. Thus, Diaw has not met his burden of showing that any reasonable adjudicator would be compelled to reach a different conclusion than the IJ with regard to his credibility. *See* 8 U.S.C. § 1252(b)(4)(B); *Yu*, 364 F.3d at 703–04. In light of that finding, he has not presented compelling evidence to support his asylum claim. *See Yu*, 364 F.3d at 704.

The IJ also found that Diaw would not meet the statutory definition of a refugee, even if his testimony were credible. This finding was consistent with State Department reports which indicate that conditions in Mauritania have improved since Diaw allegedly left the country. Diaw continues to argue that it would be dangerous for him to return to Mauritania. However, he has not presented evidence that would compel a finding that he is a refugee because he has a well-founded fear of persecution. *See Koliada*, 259 F.3d at 487–88.

In addition, the IJ plainly indicated that Diaw's asylum application did not merit a favorable exercise of discretion. This ruling is conclusive because Diaw has not shown that it is "manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D). Since Diaw has not established eligibility for asylum, he is necessarily unable to meet the more rigorous standard for the withholding of removal. *See Koliada*, 259 F.3d at 489; *Mikhailevitch*, 146 F.3d at 391.

Accordingly, the petition for judicial review is denied.